UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Lender Alexander Mendoza Velazquez</u>
    v.

<u>U.S. Immigration and Customs</u>
<u>Enforcement and Removal Operations,</u>
<u>Field Office Director, et al.</u>

Civil No. 1:26-cv-30-SE-AJ

O R D E R

Lender Alexander Mendoza Velazquez filed a petition for a writ of habeas corpus on January 22, 2026, contesting his detention and requesting, inter alia, a bond hearing. <u>See</u> doc. no. 1. The court thereafter ordered the respondents to show cause on or before January 29, 2026, as to why it should not issue an order granting the petition to the extent of ordering them to afford the petitioner with a bond hearing based on his similarity to the petitioner granted a bond hearing as required by the Due Process Clause of the Fifth Amendment in <u>Destino v. FCI Berlin</u>, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025). <u>See</u> doc. no. 4.

The court further ordered that the respondents "provide this court with at least 72 hours of advance notice of any scheduled removal or transfer of Petitioner out of this court's jurisdiction." <u>Id.</u> The order requiring notice of transfer was issued on January 23, 2026, in the afternoon. Earlier that same day, the respondents had transferred the petitioner out of New Hampshire and put him on a flight from Massachusetts to Louisiana. Doc. no. 12 at 3 ¶ 11–12.

In response to the petitioner's transfer out of state, the petitioner, through counsel, filed an emergency motion for a temporary restraining order (TRO) on January 26, 2026. Doc. no. 5. That same day, the respondents transferred the petitioner from Louisiana to Arizona. Doc. no. 12

at 3 ¶ 13. On January 27, 2026, the court held a status conference and ordered the respondents to provide a sworn statement describing the facts of the petitioner's transfers. See doc. no. 8.

The respondents filed their response to the court's initial order to show cause on January 27, 2026, after the status conference. Doc. no. 8. Therein, they maintain that Destino was wrongly decided, incorporate by reference the legal arguments made on behalf of the respondents in Destino, and object to the court granting relief to the petitioner. Nonetheless, they acknowledge that the court would reach the same result in this case as it reached in Destino if it were to apply the same reasoning as set forth in that case.

The respondents further "submit[] that this Court may retain jurisdiction over the pending Petition and may adjudicate the Petition notwithstanding that Petitioner was transferred to another judicial district." Doc. no. 8. At the status conference on January 27, 2026, the respondents represented that they could facilitate any future bond hearing so that it could occur before an immigration judge (IJ) sitting in Massachusetts without transporting the petitioner back to New Hampshire or Massachusetts.

On January 29, 2026, the respondents transferred the petitioner from Arizona to California, where he is currently detained. Doc. no. 12 at 4 ¶ 14. Also on January 29, 2026, the petitioner, through counsel, filed a supplemental memorandum in support of the motion for a TRO, wherein the petitioner's counsel described her unsuccessful attempts to communicate with the petitioner while he is detained out of state. Doc. no. 10 at 6. The contact numbers the respondents provided to the petitioner's counsel were disconnected. Id.

On January 30, 2026, in compliance with the court's prior order, the respondents filed a sworn declaration from Keith M. Chan, an Assistant Field Office Director for Immigration and Customs Enforcement, describing the facts of the petitioner's transfers. Doc. no. 12. The court

held another status conference that same day. At the status conference, the parties agreed that the petitioner's counsel had not been able to communicate adequately with the petitioner since his transfer out of state, notwithstanding the respondents' assurances that he would be able to do so. Counsel was only able to speak with the petitioner one time on a recorded line when he called a third party.

The respondents have failed to show cause why the court should not order them to afford a bond hearing before an IJ sitting within the First Circuit, where the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that he is dangerous by clear and convincing evidence. See Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021). Because the reasoning in Destino applies in this case, the petition is granted, in part. The respondents are ordered to provide the petitioner with a bond hearing before a Massachusetts IJ as soon as practicable. If the government fails to comply, the court will set appropriate terms and conditions of the petitioner's release during the pendency of his removal proceedings.

The court acknowledges that the respondents transferred the petitioner to Massachusetts, and were in the process of transferring him onward to Louisiana, when they received the court's order requiring notice before any transfer. The evidence shows, however, that they continued to transfer the petitioner farther and farther away from New Hampshire after that time despite the court's order, their conversations with the court at the status conference, and the motion for a TRO. Even though all agree that they could no longer comply with the letter of the court's order when it was issued, they chose not to comply with its spirit thereafter. See Ozturk v. Trump, 779 F. Supp. 3d 462, 497 (D. Vt.), amended sub nom. Ozturk v. Hyde, 136 F.4th 382 (2d Cir. 2025).

For that reason and to facilitate the petitioner's access to counsel in preparing for and

appearing at his bond hearing, the respondents are further ordered to transport the petitioner back to the state of New Hampshire at the earliest opportunity. See Garcia v. Stamper, No. 2:26-cv-00025-JAW, 2026 LX 22686, at *14 (D. Me. Jan. 28, 2026) ("The Court finds that Mr. Garcia's return to the District of Maine is necessary to ensure he has meaningful access to counsel" at his ordered bond hearing).

The respondents shall file a status report within seven days, on or before February 6, 2026.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

January 30, 2026

cc:     Counsel of record.